IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-87-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| REGINALD TYRONE COZART | ) | |

A *sua sponte* hearing on dismissal was held before the undersigned on October 27, 2011, in Raleigh, North Carolina. The following written order is entered in support of the judgment entered on that date.

## BACKGROUND

Mr. Cozart pleaded guilty pursuant to a plea agreement to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Mr. Cozart was sentenced by this Court on October 13, 2011.[1] 18 U.S.C. § 922(g)(1) makes it unlawful for any person who has been convicted in any court of a crime "punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce any firearm or ammunition." Appearing on Mr. Cozart's presentence report is one prior conviction upon which a violation of § 922(g) might rest – on October 21, 2008, Mr. Cozart pleaded guilty to and was convicted of one charge of accessory after the fact to discharge of a firearm into an occupied property. N.C. Gen. Stat. § 14-7; §14-34.1. Mr. Cozart was sentenced by the Granville County Superior Court to a term of imprisonment of ten to twelve months.

---

[1] The Court announced Mr. Cozart's sentence following a sentencing hearing on October 13, 2011. A written judgment reflecting the sentence was not, however, entered.

## DISCUSSION

In *United States v. Simmons*, the Fourth Circuit addressed which North Carolina state convictions under the Structured Sentencing Act are felony offenses, holding that the federal sentencing court looks to the "conviction itself" and, if the state sentencing court "never made the recidivist finding necessary" to expose the defendant to a higher sentence, the Government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" 649 F.3d 237, 243 (4th Cir. 2011) (en banc) (citing *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n. 12 (2010)). In specifically overturning its own precedent, the *Simmons* court held that no longer would federal sentencing courts be required to consider the "maximum aggravated sentence that could be imposed for [a] crime upon a defendant with the worst possible criminal history." *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005). Rather, *Simmons* directs that the federal court examine the individual defendant, including his prior criminal history and other factors, when determining whether a past crime committed was punishable by a term exceeding one year of imprisonment.

Of concern to the court in *Simmons* was the computation of a federal sentence based upon the hypothetical conduct of a defendant, as opposed to basing the federal sentence on the actual facts and circumstances of the individual defendant before the court. In *Harp*, which *Simmons* overturned, the Fourth Circuit had held that, when analyzing a sentencing enhancement triggered by a prior conviction for a crime punishable by imprisonment for a term exceeding one year, "'punishable' is an adjective used to describe 'crime'" and "[a]s such, it is more closely linked to the conduct, the crime, than it is to the individual convicted of the conduct." *Harp*, 406 F.3d at 246. The *Harp* court went on to find that had Congress "intended to focus on the individual in

2

particular rather than the crime for which the individual was convicted," it could have "used the phrase, 'individual *punished* by imprisonment for a term exceeding one year' or even 'individual *sentenced* for imprisonment for a term exceeding one year.'" *Id.* (emphasis in original).

In overturning *Harp*, the *Simmons* court expressly adopted a different reading of a statute providing for sentencing enhancement based upon conviction of a prior crime "punishable by imprisonment for a term exceeding one year." As indicated by the *Simmons* dissent, "had Congress intended [the majority's] reading of the statute, it could have defined a 'felony drug offense' as an 'offense for which the defendant is *punished* by imprisonment for a term exceeding one year.'" *Simmons*, 649 F.3d at 246 n. 7 (emphasis added). The majority responded to this interpretation by stating that "[c]ertainly Congress could have been clearer." *Id.* The majority's failure to reject the dissent's characterization, when considered together with its express concern regarding use of the hypothetical conduct of a defendant when determining the effect of his prior convictions, persuades this Court that only when a defendant has been *punished* by a term of imprisonment exceeding one year should his prior conviction be considered by a federal court in determining predicate offense conduct.[2]

Therefore, following *Simmons*' interpretation of the phrase "punishable by imprisonment for a term exceeding one year", this Court finds that because Mr. Cozart was not actually *punished* by a sentence in excess of one year, he cannot, for the purposes of federal sentencing or indictment, be found to have been convicted of a prior felony. Mr. Cozart is therefore legally

---

[2] The Fourth Circuit has applied the *Simmons* holding not only where at issue are sentencing enhancements based on prior felonies, but also where an actual conviction rests on a defendant's status as a convicted felon. *See United States v. White*, No. 09-4257, 2011 WL 4008534 (4th Cir. October 20, 2011) (per curiam) (applying *Simmons* to disqualify a felony conviction used as a predicate conviction under § 922(g)(1)).

3

innocent of his offense of conviction under § 922(g).

## CONCLUSION

Accordingly, pursuant Rule 35(a) of the Federal Rules of Criminal Procedure, the judgment of conviction and sentence in this matter that was orally imposed on October 13, 2011, is VACATED due to clear error. The indictment against Mr. Cozart is hereby DISMISSED.

SO ORDERED, this 21 day of October, 2011

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE